UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| JOHN CURTIS ROBERTSON,<br><br>    Petitioner,<br><br>V.<br><br>SANDRA BUTLER, Warden,<br><br>    Respondent. | CIVIL ACTION NO. 6:14-136-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\*

John Curtis Robertson is confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding *pro se*, Robertson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the imposition of an enhanced sentence based on the quantity of drugs associated with the conviction as determined by the trial court, rather than by the jury. Robertson requests that his sentence be vacated that he be resentenced without any enhancement.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Robertson is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the

Court accepts Robertson's factual allegations as true and liberally construes his legal claims in his favor.

Having reviewed the petition, the Court must deny it because Robertson cannot pursue his claims under 28 U.S.C. § 2241.

**BACKGROUND**

In December of 1999, Robertson and seven co-defendants were indicted in the Western District of Kentucky for drug trafficking and firearms offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Caporale, et al.*, No. 3:99-cr-139-JGH (W.D. Ky. 1999) [R. 1 therein].[1] Robertson was charged in Counts 1, 5, and 6 of the indictment. *Id.* Robertson proceeded to a jury trial and was convicted on Counts 1 and 6 of the indictment. *Id.*, at R. 194 therein. On December 18, 2000, Robertson received a 300-month sentence of imprisonment on Count, and a concurrent 120-month sentence on Count 6, for a total sentence of 300 months, to be followed by a ten-year term of supervised release. *Id.* at R. 270 therein. Robertson appealed, but his conviction and sentence were affirmed on May 9, 2003. *United States v. John Curtis Robertson*, 67 F. App'x 257 (6th Cir. 2003) (unpublished).

Subsequently, on June 18, 2004, Robertson filed a motion in the trial court pursuant to 28 U.S.C. § 2255, to vacate or set aside his sentence due to ineffective assistance of counsel and the sufficiency of the indictment. *See John Curtis Robertson v. United States*, No. 3:04-cv-278-JGH (W.D. Ky. 2004) [R. 1 therein]. On October 13, 2004, the trial court denied Robertson's § 2255 motion. *Id.* at R. 4 therein. Both the trial court and the Sixth Circuit denied Robertson's request for a certificate of appealability. *See United States v.*

---

[1] Due to the age of this criminal case, this Court cannot obtain complete information about Robertson's criminal conviction and sentence because it predates the advent of the federal court system's online PACER database. The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* http://pcl.uscourts.gov/search.

2

*Caporale, et al.*, No. 3:99-cr-139-JGH (W.D. Ky. 1999) [R. 425; R. 432 therein]. On May 30, 2006, the United States Supreme Court denied Robertson's petition for a writ of certiorari. *See John Curtis Robertson v. United States*, No. 3:04-cv-278-JGH (W.D. Ky. 2004) [R. 6 therein].

## CLAIMS ASSERTED IN § 2241 PETITION

Robertson claims that the district court, instead of the jury, improperly determined a drug quantity using a preponderance of the evidence standard, resulting in its finding at sentencing that he was responsible for 50 to 100 kilograms of cocaine, although no drug quantity was charged in Count 1 of the indictment, the jury was not instructed as to drug quantity, and the jury made no finding as to drug quantity. [R. 1-2] Robertson claims that the district court's determination of drug quantity increased his mandatory minimum sentence to twenty (20) years, in violation of his rights under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and the Sixth Amendment of the U.S. Constitution, which guarantees the right to a jury trial in a criminal proceeding.

Robertson relies upon *Alleyne v. United States*, ___U.S.___, 133 S.Ct. 2151 (2013), in support of his argument that his federal sentence should not have been enhanced. In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Id.*, 133 S.Ct. at 2162–63. Robertson contends that *Alleyne* renders him actually innocent of his sentence, applies retroactively to his case, and affords him relief from his sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or

3

other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Robertson is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. Instead, he contends that based on the holding of *Alleyne*, his sentence violates his constitutional rights and is excessive. Robertson is thus challenging the constitutionality of his 300-month sentence on Fifth and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making this claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). *Wooten*, 677 F.3d at 307; 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Robertson contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided long after his § 2255 motion was denied, supports his argument that the district court improperly determined the quantity of drugs for which he was held responsible and then, based on that determination, imposed an excessive sentence. Robertson devotes a significant portion of his Memorandum of Law to his argument that *Alleyne* applies retroactively to him. [Record No. 1-1, pp. 7-16]

Robertson's argument on this issue is misplaced because the Supreme Court did not indicate in *Alleyne* that its holding applies retroactively to cases on collateral review, such as his § 2241 petition. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Further, on June 24, 2014, the Sixth Circuit Court of Appeals joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); United *States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.\* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United*

5

*States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, *Alleyne* does not afford Robertson any retroactive relief from his federal sentence.

Furthermore, Robertson does not claim that he is actually innocent of the underlying drug offense for which he was convicted. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). *See also Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. 2014) (holding that *Alleyne* and other cases which address sentencing issues had "…no effect on whether the facts of Whittaker's case would support his conviction for the substantive offense.")

Robertson's claim challenging the length of his sentence fails because claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman*, 325 F.3d at 724; *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition in which he merely challenged his enhanced sentence). Because Robertson has not alleged a viable claim of actual innocence, he is not entitled to relief under § 2241. Therefore, his habeas petition will be denied.

6

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows**:**

1. Robertson's § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated December 16, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY